**SIOE ING KHO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 10–70918.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 20, 2012.

Joubin Nasseri, Nasseri Law Group, Los Angeles, CA, for Petitioner.

Oil, Daniel I. Smulow, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

### MEMORANDUM \*\*

Sioe Ing Kho, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Kho contends that her experiences in Indonesia constitute past persecution, and her presumption of future fear was not rebutted. The record does not compel reversal of the agency's finding that Kho's experiences in Indonesia, even considered cumulatively, do not constitute past persecution. *See Wakkary*, 558 F.3d at 1059–60; *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (unfulfilled threats and one incident of physical violence did not compel a finding of past persecution). We reject Kho's contention that the BIA ignored threats made to Kho because she has not overcome the presumption that the BIA considered the entire record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Further, because Kho did not establish past persecution, she is not entitled to a presumption of a future fear, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir.2002), and she does not oth-

erwise argue she has established a well-founded fear of persecution. Accordingly, Kho's asylum claim fails.

### PETITION FOR REVIEW DENIED.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).